# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, as Personal Representative
of the Estate of NORMA SANCHEZ;
VENANCIO GALLEGOS, Individually and as
Next Friend of K.P., M.P., N.G., A.G., and R.G.;
PERLA GALLEGOS, Individually and as Next
Friend of S.M. and M.M.;

      Plaintiffs,

v.                                                                    No. 1:19-cv-780-WJ-SMV

WALKER STAINLESS EQUIPMENT COMPANY,
LLC and TIMOTHY L. PARKER,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR REMAND

**THIS MATTER** is before the Court on Plaintiffs' Motion for Remand [Doc. 4], filed September 16, 2019. Plaintiffs filed a complaint against Defendants in New Mexico's First Judicial District Court on July 1, 2019. Doc. 1-1. Defendant Walker removed the case on diversity grounds to this Court on August 26, 2019. Doc. 1. Three weeks later, Plaintiffs filed the subject motion requesting the Court remand the case to New Mexico's First Judicial District Court.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." § 1332(a). "When jurisdiction is premised on diversity of citizenship . . . as is the case here, each plaintiff must be diverse from each defendant to have what is known as complete diversity. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citation omitted).

Defendant Walker is a Wisconsin citizen. Defendant Parker is a New Mexico citizen. Plaintiffs are also New Mexico citizens. Doc. 1 at 4. Complete diversity, as a result, does not exist. Defendant Walker, however, argues in its removal notice that Plaintiffs fraudulently joined Defendant Parker and, therefore, complete diversity does exist. Defendant Walker explains that Defendant Parker is fraudulently joined because he is entitled to qualified immunity and, as such, Plaintiffs cannot prevail against him. Doc. 1 at 5-6. Plaintiffs' motion, therefore, turns on whether Defendant Parker is entitled to qualified immunity.

Plaintiffs asserted claims against Defendant Parker under the New Mexico Tort Claims Act (NMTCA). Doc. 4 at 1. New Mexico Courts have not determined whether qualified immunity is a defense under the NMTCA. *Romero v. Sanchez*, 119 N.M. 690, 696 (1995) ("Whether the doctrine of qualified immunity protects an official from an action brought under the Tort Claims Act is an open question."). In the absence of a clear directive to apply qualified immunity to the NMTCA, this Court has consistently declined to do so. *Gahan v. Sharp*, 2015 WL 13666979, at *4 (D.N.M. Jan. 26, 2015) (Gonzales, J.) ("Without a clear mandate from the New Mexico courts to apply qualified immunity to the NMTCA, this Court declines to do so."); *Boger v. Lucero*, 2013 WL 12122307, at *1 (D.N.M. June 3, 2013) (Vazquez, J.) ("In *Romero*, the New Mexico Supreme Court expressly declined to address the question of whether qualified immunity could be asserted as a defense to claims under the NMTCA. This Court has not identified any authority wherein the New Mexico courts have stated that such a defense exists."); *Todd v. Montoya*, 877 F. Supp. 2d

1048, 1105–06 (D.N.M. 2012) (Browning, J.) ("The Court concludes that, given the Supreme Court of New Mexico's statements in *Romero v. Sanchez*, qualified immunity does not apply to claims brought under the NMTCA."). Defendant Walker offers this Court no reason to deviate from the above cited persuasive case precedent.

Instead, Defendant Walker raises new grounds for removal in its response. Doc. 6 at 3-9. Defendant Walker, after Plaintiffs' reply, also filed a motion to amend its removal notice, again, raising new grounds for removal. Doc. 10. Defendants, however, "are not allowed to switch jurisdictional horses midstream." *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, 2015 WL 3544288, at *25 (D.N.M. May 20, 2015); *see Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand."); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed.) ("[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred [sic] basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.").

Defendant Walker has failed to show that Plaintiffs fraudulently joined Defendant Parker because he is entitled to qualified immunity. Defendant Walker's new grounds for removal, offered in its response and motion to amend its removal notice, are not appropriate because they were offered for the first time in opposition to Plaintiffs' motion for remand.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Remand [Doc. 4] is **GRANTED** for the reasons set forth in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court proceed to have this case **REMANDED** to the First Judicial District Court of the State of New Mexico.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**